IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **David K. Dull, Jr.,** | ) CASE NO. 1: 15 CV 1557 |
| **Plaintiff,** | ) |
| | ) **JUDGE PATRICIA A. GAUGHAN** |
| v. | ) |
| | ) |
| **Gary Mohr,** *et al.*, | ) **Memorandum of Opinion and Order** |
| | ) |
| **Defendants.** | ) |

*Pro se* plaintiff David K. Dull, Jr. is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODCR) currently housed in the Richland Correctional Institution (RCI).  He has filed this civil rights action against the ODRC, ODRC Director Gary Mohr, and RCI Warden Margaret Bradshaw, seeking declaratory, injunctive, and monetary relief.  He alleges the defendants have violated his constitutional rights because his now-wife, Lori McGrady-Dull, has been denied permission to visit him.

The defendants have filed a motion to dismiss the plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 14), to which the plaintiff has responded.  For the reasons stated below, the defendants' motion to dismiss is granted and the plaintiff's action is dismissed.

**Background**

The plaintiff alleges the following facts.  In November 2011, while housed at the Marion Correctional Institution, the plaintiff was accused of having an improper relationship with an

ODRC employee, then known as Lori Melton. Ms. Melton resigned her position with the ODRC in December 2011, shortly after being placed on administrative leave for her conduct. After an investigation and subsequent conduct report, the plaintiff was found guilty of violating Rule 24(b), (c), and (d). As a result, his security status was increased, and he was transferred to the Southern Ohio Correctional Facility (SOCF).

While the plaintiff was incarcerated at SOCF, Ms. Melton requested permission to visit him. She was told she had to write a letter to the Warden requesting permission because she was a former ODRC employee. She wrote to SOCF's Warden requesting visitation after legally changing her name to Lori McGrady. The SOCF Warden denied her visitation request and filed paperwork permanently restricting her visitation rights from all ODRC institutions.

The plaintiff was subsequently "transferred different times to different prison facilities," (Doc. No. 13 at 5-6), and over the next two years appealed the disciplinary findings against him. Ultimately, the plaintiff was able to obtain a partial dismissal of some of the charges against him due to procedural errors; however, he admitted to being guilty of having an inappropriate relationship with Ms. McGrady.

In September 2012, the plaintiff was transferred to the Lorain Correctional Institution (LCI). After initial resistance, LCI's Warden granted the plaintiff and Ms. McGrady's request to be married. In August 2012, they were married in the visiting room at LCI. However, McGrady-Dull was not permitted to visit the plaintiff after the ceremony and has not been permitted to visit the plaintiff ever since. After the plaintiff was transferred to RCI in February 2014, Warden Bradshaw denied a visitation application due to concerns regarding McGrady-Dull's prior employment with ODRC. (Doc. No. 13 at 8.) The Warden informed the plaintiff

his wife would not be permitted to visit him at RCI because she had been an ODRC employee for thirteen years who "knew quite well the ramifications of her actions" and "chose to lie" about her relationship with the plaintiff when questioned by investigators.  (Doc. No. 1-1 at 6.)

The plaintiff contends the denial of visitation with McGrady-Dull violates his First Amendment right to association and his right to equal protection of law under the Fourteenth Amendment.

## Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted.  All factual allegations in the complaint must be presumed true and all reasonable inferences drawn in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  To survive dismissal for failure to state a claim, a complaint "must present 'enough facts to state claim to relief that is plausible on its face.'"  *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the lenient treatment generally accorded *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).  A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).

## Analysis

Even liberally construed, the plaintiff's complaint fails to allege a plausible constitutional

claim against the defendants and must be dismissed under Fed. R. Civ. P. 12(b)(6).

The Supreme Court has long recognized that "[m]any of the liberties and privileges enjoyed by other citizens must be surrendered by [a] prisoner," and an inmate "does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). The Supreme Court has further made clear that "freedom of association is among the rights least compatible with incarceration." *Id*.  Limitations upon prison visitation may be imposed by prison officials so long as they "bear a rational relation to legitimate penological interests." *Id*. at 132.  Moreover, in determining whether a visitation limitation meets this standard, courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.*

The visitation restrictions imposed on McGrady-Dull do not violate the plaintiff's First Amendment right of association.  Although the plaintiff contends McGrady-Dull "is not a threat to institutional order," (Doc. No. 13 at 7), it is rational for the Ohio prison officials who actually have the responsibility for defining the legitimate goals of Ohio's correctional institutions and for maintaining order in those institutions (including Defendants Bradshaw and Mohr), to conclude it would be disruptive and detrimental to prison operations to allow McGrady-Dull to visit the plaintiff.   As the defendants point out, prison officials have a legitimate penological interest in restricting inappropriate relationships between prison employees and inmates, and prohibiting visitation by a former employee who violated prison rules in that regard is rationally related to this legitimate interest.  Despite the plaintiff's personal views regarding McGrady's-Dull's impact on institutional order, the decisions of prison officials regarding McGrady-Dull

have a rational basis and are entitled to deference. Accordingly, the plaintiff's First Amendment claim must be dismissed. *See Thacker v. Campbell*, 165 F.3d 28, 1998 WL 537599 (6th Cir. 1998) (affirming dismissal of prisoner's First Amendment claim and finding defendants' actions in terminating prisoner's visitation with his wife were reasonably related to legitimate penological interests).[1]

The plaintiff has also failed to allege a plausible equal protection claim. The Equal Protection Clause prohibits discrimination by a state which burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). The plaintiff does not suggest infringement of a fundamental right or that he is a member of a suspect class, and indeed prisoners are not considered a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005).

Because neither a fundamental right nor a suspect class is at issue, the rational basis standard of review applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006), *overruled on other ground as recognized by Davis v. Prisoner Heath Servs.*, 679 F.3d 433 (6th Cir. 2012). Under this standard, government action is unconstitutional only if it is so unrelated to the achievement of any combination of legitimate

---

[1] The defendants correctly assert that the plaintiff lacks standing to assert a First Amendment claim on behalf of McGrady-Dull alleging that the prison officials denied her requests for visitation in retaliation for her complaints of sexual harassment.

purposes that the court can only conclude that the government's actions were irrational. *Id*. (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)).  The government action must be sustained if any conceivable basis rationally supports it.  The action is presumptively valid and "may be based on rational speculation unsupported by evidence or empirical data." *Tri-Health, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 790 (6th Cir. 2005).

To demonstrate an equal protection violation under a theory that a plaintiff has been treated differently than another individual without a rational basis, the plaintiff must meet the very high standard of demonstrating he was treated differently than an individual who is similarly situated to him "in all material respects."  *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009); *see also Tri-Health*, 430 F.3d at 791 (discussing requirements that the similarly-situated inquiry requires a plaintiff to disprove all conceivable basis for distinguishing comparables).

In his opposition brief, the plaintiff identifies two inmates who had inappropriate relationships with former correctional staff, but the former correctional officers are nevertheless permitted to visit the inmates.  (*See* Docket No. 15 at 3.)  Even assuming the plaintiff's assertions in this regard are true, however, the plaintiff has not met his high burden of demonstrating he is similarly situated to these other inmates "in all material respects."  For example, the plaintiff does not allege facts suggesting the former correctional staff allowed to visit the inmates were, like McGrady-Dull, long-term ODRC employees who initially lied to investigators about their inappropriate relationships.

In sum because the decisions of prison officials to deny McGrady-Dull permission to visit the plaintiff have a rational basis, and the plaintiff has not alleged sufficient facts to

demonstrate he was treated differently than an inmate similarly situated to him in all respects, the plaintiff's equal protection claim must be dismissed.

## Conclusion

For the reasons stated above, the defendants' motion to dismiss the plaintiff's amended complaint is granted, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 1/4/16